Julie R. Vacura, OSB #843692
jvacura@lvklaw.com
John C. Rake, OSB #105808
jrake@lvklaw.com
LARKINS VACURA KAYSER LLP
121 SW Morrison St, Suite 700
Portland, Oregon 97204
Telephone: 503-222-4424

Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for Community Bank & Trust – West Georgia,<br><br>Plaintiff,<br><br>v.<br><br>LRL HOLDINGS LLC, an Oregon limited liability company, LICIA RUTH LUND and JASON CHRISTOPHER LUND, individuals,<br><br>Defendants. | Case No. 3:26-cv-01064-YY<br><br>STIPULATED ORDER DISMISSING DEFENDANTS' COUNTERCLAIMS |

Plaintiff Federal Deposit Insurance Corporation as Receiver for Community Bank & Trust – West Georgia ("FDIC-R") and Defendants LRL Holdings LLC, Licia Ruth Lund, and Jason Christopher Lund (collectively, "Defendants") stipulate as follows.

**RECITALS**

1. On December 30, 2025, Community Bank & Trust – West Georgia (the "Bank") filed this action in the Circuit Court of the State of Oregon for the County of Washington, Case No. 25CV68945.

2. On February 18, 2026, Defendants filed their Answer, Affirmative Defenses and Counterclaims (the "Answer"). The Answer asserts six counterclaims: fraudulent misrepresentation, reckless misrepresentation, aiding and abetting fraud, civil conspiracy, negligence, and breach of fiduciary duty, set forth in the section of the Answer titled "Counterclaims," consisting of paragraphs 27 through 122 (including the subsection titled "Common Allegations," paragraphs 27 through 60), together with the relief requested in subparagraphs (b) through (e) of the Answer's Prayer for Relief (collectively, the "Counterclaims"). On March 23, 2026, the Bank filed its answer and affirmative defenses to the Counterclaims.

3. On May 1, 2026, the Georgia Department of Banking and Finance closed the Bank and appointed the Federal Deposit Insurance Corporation as receiver.

4. On May 27, 2026, FDIC-R substituted for the Bank and removed this action to this Court under 12 U.S.C. § 1819(b)(2)(B) and 28 U.S.C. § 1441. [ECF No. 1.] Under Fed. R. Civ. P. 81(c), the pleadings filed in state court, including Defendants' Answer, remain operative in this Court.

5. On October 14, 2026, FDIC-R moved to dismiss the Counterclaims for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and 12 U.S.C. § 1821(d)(13)(D). [ECF No. 8] (the "Motion")

6. Also on October 14, 2026, Larkins Vacura Kayser LLP substituted as counsel of record for Defendants in place of Kell, Alterman & Runstein, L.L.P. [ECF No. 7].

7. Defendants do not oppose dismissal of the Counterclaims for lack of subject-matter jurisdiction, on the terms below. Defendants do not concede the merits of the Counterclaims or any allegation in the Motion. FDIC-R does not concede the merits of any affirmative defense.

**STIPULATION**

The parties stipulate and request that the Court order as follows:

1. **Dismissal**. Defendants' Counterclaims are DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and 12(h)(3).

2. **No adjudication of the merits**. This dismissal is not an adjudication on the merits of the Counterclaims or of any factual allegation in the Answer.

3. **Scope**. This dismissal applies to the entirety of the Counterclaims, including the subsection titled "Common Allegations" (paragraphs 27 through 60). It does not strike, dismiss, or otherwise affect Defendants' answer, denials, or affirmative defenses (paragraphs 1 through 26 of the Answer), all of which remain pending. Nothing in this Order constitutes a finding of fact, limits the scope of discovery under Fed. R. Civ. P. 26, or determines the relevance or admissibility of any evidence offered in support of or in opposition to any claim or defense. The parties reserve all arguments about the affirmative defenses.

4. **Motion moot**. FDIC-R's Motion [ECF No. 8] and its request for oral argument are withdrawn as moot.

5. **Fees and costs**. Each party will bear its own attorney fees and costs relating to the Counterclaims and the Motion.

So stipulated:

**TOMASI BRAGAR DUBAY**

s/ Eleanor A. DuBay
Eleanor A. DuBay, OSB #073755
edubay@tomasilegal.com
121 SW Morrison Street, Suite 1850
Portland, OR 97204

Attorneys for Plaintiff

**LARKINS VACURA KAYSER LLP**

s/ John C. Rake
Julie R. Vacura, OSB #843692
jvacura@lvklaw.com
John C. Rake, OSB #105808
jrake@lvklaw.com
121 SW Morrison Street, Suite 700
Portland, OR 97204

Attorneys for Defendants

**ORDER**

Based on the parties' stipulation, IT IS ORDERED that Defendants' Counterclaims (Answer ¶¶ 27–122, including the "Common Allegations," and Prayer for Relief subparagraphs (b)–(e)) are DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction. The

dismissal is limited to the Counterclaims and does not affect Defendants' answer or affirmative defenses (Answer ¶¶ 1–26). Nothing in this Order constitutes a finding of fact or limits discovery or the admissibility of evidence. Plaintiff's Motion to Dismiss [ECF No. 8] is DENIED AS MOOT. Each party shall bear its own fees and costs relating to the Counterclaims and the Motion.

DATED this 29th day of October, 2026.

Youlee Yim You

Youlee Yim You
United States Magistrate Judge